SC

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Michael Dean Davis,

               Plaintiff,

vs.

Maricopa County Sheriff's Office,

               Defendant.

No.  CV 13-1816-PHX-DGC (MEA)

**ORDER**

     Plaintiff Michael Dean Davis, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* Complaint in the Maricopa County Superior Court, matter number CV13-003309.  (Doc. 1-1, Ex. 1.)  In his Complaint, Plaintiff asserted violations of the U.S. Constitution and sued the Maricopa County Sheriff's Office (MCSO).  MCSO timely removed the case to federal court based on federal question subject matter jurisdiction on September 4, 2013.  Plaintiff later filed two requests for entry and application of default, to which MCSO filed a response. [1]

     The Complaint facially supports that subject matter jurisdiction is proper in federal

---

[1]  **Error! Main Document Only.**Plaintiff is a "prisoner" within the meaning of the Prisoner Litigation Reform Act (PLRA).  Under the PLRA, a "prisoner" is a "person incarcerated or detained in any facility" who has been convicted and sentenced for violations of criminal law.  28 U.S.C. §§ 1915(h), 1915A(c); 42 U.S.C. § 1997e(h). Consequently, this case is subject to PLRA requirements, including screening of the complaint.  28 U.S.C.§§ 1915(h), 1915A.  Under the PLRA, a defendant is not required to respond to a prisoner complaint prior to screening of the complaint by the court.  42 U.S.C. § 1997e(g).  As discussed herein, Defendant timely removed this case and was not required to respond until ordered to do so by this Court under the PLRA.  Plaintiff's requests for entry of default will be denied.

JDDL-K

court and that the case was timely removed. 28 U.S.C. § 1446(b). The Court will dismiss the Complaint for failure to state a claim with leave to amend.

## I.    Removal to Federal Court was Proper

A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction. 28 U.S.C. §1441(a). That is, a civil action that could have originally been brought in federal court may be removed from state to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Complaint in this case facially supports that subject matter jurisdiction exists in federal court because Plaintiff alleges violation of his federal constitutional rights. 28 U.S.C. §§ 1441. Further, the case was timely removed. 28 U.S.C. § 1446(b). Accordingly, the case was properly removed.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

JDDL-K

550 U.S. 544, 570 (2007)).   A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.   Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).   A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).   The Court should not, however, advise the litigant how to cure the defects.   This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).   Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.   Complaint**

Plaintiff alleges one count for violation of his Fourteenth Amendment due process rights in connection with disciplinary proceedings at the jail, which resulted in a higher custody level.   As noted above, Plaintiff sues only MCSO.   Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

**IV.   Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.   MCSO

Plaintiff sues only MCSO. Claims under § 1983 are directed at "bodies politic and corporate." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688-89 (1978). Under § 1983, Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies. *Id.* at 689-690. In Arizona, the responsibility for operating jails and caring for prisoners is placed by law upon the sheriff and the County. *See* Ariz. Rev. St. §§ 11-251(8), 11-291(A), 11-441(A)(5), 31-101. MCSO is simply an administrative creation of the sheriff to allow him to carry out his statutory duties; it is not a "person" amenable to suit pursuant to § 1983. *See e.g., Petaway v. City of New Haven Police Dep't*, 541 F. Supp.2d 504 (D. Conn. 2008); *Pahle v. Colebrookdale Tp.*, 227 F. Supp.2d 361 (E.D. Pa. 2002). Accordingly, MCSO will be dismissed from this action as an improper Defendant.

### B.   Due Process

Plaintiff asserts a violation of his due process rights in connection with disciplinary proceedings that resulted in a higher classification level at the jail. A *pretrial detainee* has a substantive due process right against restrictions that amount to punishment for a criminal offense. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing *United States v. Salerno*, 481 U.S. 739, 746 (1987); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Redman v. County of San Diego*, 942 F.2d 1435, 1440-41 (9th Cir.1991) (*en banc*)). This right is violated if restrictions are "imposed for the purpose of

punishment." *Bell*, 441 U.S. at 535.  But jail officials are entitled to impose restrictions to effect confinement, and detention will necessarily affect a detainee's ability to live as comfortably as he might like; a *de minimis* level of imposition is permissible.  *Id.* at 539 n.21.[1]  Thus, no unconstitutional punishment occurs when the government imposes restrictions as part of legitimate operational concerns to ensure security and order.  *Id.* at 540.   However, imposition of punishment for violation of rules does require the procedural protections described by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 565-66 (1974).   *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996).   These safeguards are:  (1) written notice of the charges at least twenty-four hours prior to the hearing; (2) a written statement by the fact-finder as to the evidence relied on and reasons for the disciplinary action; and (3) a limited right to call witnesses and present documentary evidence when it would not be unduly hazardous to institutional safety or correctional goals to allow the inmate to do so.  *Wolff*, 418 U.S. at 565-66.

Plaintiff appears to be a pretrial detainee.  In addition to failing to name a proper Defendant, Plaintiff fails to allege when and how he was denied the procedural protections required under *Wolff*.  Accordingly, he fails to state a due process claim in his

---

[1]  Thus:

> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however.  Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. Traditionally, this has meant confinement in a facility which, no matter how modern or how antiquated, results in restricting the movement of a detainee in a manner in which he would not be restricted if he simply were free to walk the streets pending trial.  Whether it be called a jail, a prison, or a custodial center, the purpose of the facility is to detain.  Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility.   And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into "punishment."

*Bell*, 441 U.S. at 537.

1  Complaint.

2  **V.     Leave to Amend**

3          For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to

4  state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a

5  first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will

6  mail Plaintiff a court-approved form to use for filing a first amended complaint.  If

7  Plaintiff fails to use the court-approved form, the Court may strike the amended

8  complaint and dismiss this action without further notice to Plaintiff.

9          Plaintiff must clearly designate on the face of the document that it is the "First

10  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

11  entirety on the court-approved form and may not incorporate any part of the original

12  Complaint by reference.  Plaintiff may include only one claim per count.

13          A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,

14  963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896

15  F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original

16  complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

17  in the original complaint and that was voluntarily dismissed or was dismissed without

18  prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa*

19  *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

20  **VI.    Warnings**

21          **A.      Release**

22          Plaintiff must pay the unpaid balance of the filing fee within 120 days of his

23  release.  Also, within 30 days of his release, he must either (1) notify the Court that he

24  intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to

25  comply may result in dismissal of this action.

26          **B.      Address Changes**

27          Plaintiff must file and serve a notice of a change of address in accordance with

28  Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(4)    Plaintiff's requests to enter default are **denied**.  (Doc. 3, 6.)

Dated this 8th day of April, 2014.

David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____  ,    )
(Full Name of Plaintiff)          )
      Plaintiff,    )
                  )
     vs.    )    **CASE NO.** _____
                  )         (To be supplied by the Clerk)
(1) _____  ,    )
(Full Name of Defendant)          )
(2) _____  ,    )
                  )    **CIVIL RIGHTS COMPLAINT**
(3) _____  ,    )    **BY A PRISONER**
                  )
(4) _____  ,    )    ☐ Original Complaint
      Defendant(s).    )    ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.    )    ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
      ☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
     (Position and Title)           (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
     (Position and Title)           (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
     (Position and Title)           (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
     (Position and Title)           (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?   ☐ Yes  ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

  a.  First prior lawsuit:
    1.   Parties: _____ v. _____
    2.   Court and case number: _____.
    3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
    _____.

  b.  Second prior lawsuit:
    1.   Parties: _____ v. _____
    2.   Court and case number: _____.
    3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
    _____.

  c.  Third prior lawsuit:
    1.   Parties: _____ v. _____
    2.   Court and case number: _____.
    3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
    _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer     ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count I?     ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?     ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
　　☐ Basic necessities　　　　☐ Mail　　　　☐ Access to the court　　☐ Medical care
　　☐ Disciplinary proceedings　☐ Property　　☐ Exercise of religion　☐ Retaliation
　　☐ Excessive force by an officer　☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each
Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal
authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
　a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
　　　institution?　　　　　　　　　　　　　　　　　　　　　　　　☐ Yes　☐ No
　b.   Did you submit a request for administrative relief on Count II?　　　☐ Yes　☐ No
　c.   Did you appeal your request for relief on Count II to the highest level?　☐ Yes　☐ No
　d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
　　　did not. _____
　　　_____.

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                    DATE                                                    SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.